# DECISIONS.

# COURT OF APPEALS

## OF KENTUCKY.

SUMMER TERM....1848.

## Thomas *vs* Commonwealth, for Hughes.

ERROR TO THE ESTILL CIRCUIT.

*Costs.   Jurisdiction.   Contract.   Pleadings.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

COVENANT.

*Case* 81.

*June* 6.

1. THIS being an action of covenant, comes expressly within the letter of the 5th section of the act of 1828, (1 *Stat. Law*, 476,) which enacts that plaintiffs in the action of debt, covenant, &c., shall not recover costs in the Circuit Courts, unless the debt, exclusive of interest, or the damages recovered, shall exceed fifty dollars, or unless a plea or notice of set-off be filed by the defendant.   The damages recoverable in an action upon a Constable's bond for his refusal to take a forthcoming or delivery bond for property on which he has levied, are not of so indeterminate a character nor so entirely dependent upon the opinion of a jury, as to bring such an action within the principle of any exception to the operation of the statute which has heretofore been sanctioned by this Court.   And as in this case, the execution levied was for $1 50 only, with a few cents of interest and costs, and the property levied on was two shoats, the damages could not possibly have reached

A suit was instituted on covenant on a Constable's bond for a violation of duty, and judgment for less than $50, no plea or notice of set-off filed— Held that no judgment for costs should have been given for plaintiff, but for defendant, if any was incurred.

THOMAS
*vs*
COMMONWEALTH

fifty dollars. We are of opinion, therefore, that upon a verdict for one cent in favor of the plaintiff, the costs should have been adjudged against him, and the judgment in his favor for costs, is erroneous. Whether an action of debt would come under the same principle we need not decide.

2. But upon the record as it stands, the plaintiff was not

An officer levying two executions on the same property, is not bound to take a delivery bond, to deliver the property to satisfy one execution, unless a bond be tendered for its delivery to satisfy the other also.

entitled to any judgment. The third plea admitting the facts alledged in the declaration, sets up the additional fact that the defendant had in his hands at the same time with the execution mentioned in the declaration, another one which he had also levied on the same property—that the property was of value more than sufficient to satisfy the first named execution, and that the relator had not offered to enter into bond with security, under the second execution. This plea presents a good bar to the action, as it shows that the defendant was not guilty of a breach of duty. The replication admits the second execution and its levy as alledged, and should therefore, either have alledged the offer to execute such delivery bond as would have applied to that execution, or have denied the averment that the property was more than sufficient for the first execution, or should have set up some new matter in avoidance of the plea. Instead of which, it merely reiterates the averment of the declaration, that a bond with security had been offered for delivery of the property under the first execution, which is admitted by the plea. The replication, therefore, is no answer to the plea, and although it concludes to the country, it puts nothing in issue. And as it in fact confesses the plea which is a good bar, the plaintiff could not be entitled to a judgment. In this view of the replication, the question of its being a departure does not arise.

3. As the replication neither alledges new matter in

If the plaintiff's replication confess the matter of the plea which is a good bar, judgment should be entered for the defendant, unless plaintiff should ask leave

avoidance nor traverses any averment of the plea, but in fact admits the plea, this is not the case of an immaterial issue in which a repleader should have been awarded, but is really a confession of the plea in bar, which should have entitled the defendant to a judgment, unless the replication had been amended. And as the plaintiff

'would have been allowed to amend his replication, if the defendant had demurred or had demanded a judgment as by confession, we think the correct practice would be to allow the plaintiff to amend, on the return of the cause, if he should think proper to do so.

to amend, which should be granted if asked.

Wherefore, the judgment is reversed and the cause remanded, with instructions to allow the plaintiff to amend his replication, if he desires to do so, and for further proceedings thereon, not inconsistent with this opinion, but to render judgment for the defendant, if no amendment of the replication be made.

*Turner* for plaintiff; *Barnes* for defendant.